shifts and devices, and ascertain the true character and design of the transaction. And if upon such investigation it appears that there was in substance a loan at an illegal rate of interest, no matter what form or shape the contract has been made to assume, it will be declared usurious, and the proper remedy applied.''

''The form of the agreement is immaterial, since any shift or device by which illegal interest is arranged to be received or paid is usurious.'' *Kreibohm v. Yancey*, 154 Mo. 67. The transaction as shown by the undisputed facts was a shift or device to evade the law against usury. The note was usurious under the law of the State where it was made and was payable, and being usurious in Missouri must be held to be usurious in Illinois. *Sherman v. Gassett*, 9 Ill. 521.

The law of the forum governs as to the mode and extent of the remedy. *Burchard v. Dunbar, supra; McCoy v. Griswold*, 114 Ill. App. 556. The statute of this State provides that where a contract is usurious only the principal sum shall be recoverable. It is also the rule in this State that where a note is usurious all payments made on interest on the note will be applied on the principal. *Woolley v. Alexander*, 99 Ill. 188; *Cobe v. Guyer*, 237 Ill. 568. The trial court correctly applied the value of the usurious bonus and the payments made on the interest in reduction of the principal of the note. There is no error in the case and the decree is affirmed.

*Affirmed.*

---

### George E. Luce, Appellee, v. E. P. Armstrong, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 2, 1914.

## Statement of the Case.

Action by George E. Luce against E. P. Armstrong to recover a balance claimed to be due for some hay shipped by plaintiff from Hope, North Dakota, to defendant at Bloomington, Illinois. The suit was originally brought before a justice of the peace, where plaintiff had judgment, and on appeal to the Circuit Court the jury returned a verdict for plaintiff for $151.75. To reverse the judgment rendered on the verdict defendant appeals.

MURRAY & MORRISSEY, for appellant.

WALKER R. FLINT, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 990*—*when ruling on motion not presented for review.* A ruling on a motion to suppress depositions is not presented for review, where the bill does not contain any such motion or exception to the ruling thereon; that the motion and ruling thereon are in the record and the clerk has written an exception to the ruling does not save the question for review.

2. APPEAL AND ERROR, § 788*—*necessity of bill of exceptions.* A bill of exceptions is necessary to present for review rulings on motions and anything outside of the proper common-law record.

3. SALES, § 65*—*contract construed as to place of weighing and grading.* Where a buyer made a proposition under which hay was sold to him to pay a certain price per ton for timothy "your track," *held* that the hay when placed on the cars at the place of shipment was delivered to the buyer there, and any difference between the weight of the hay at the place of shipment and destination was at the risk of the buyer and that he could not insist that he bought the hay to be weighed and graded according to custom at destination.

4. SALES, § 330*—*when instruction not misleading.* In an action for the price of a shipment of hay, where the proposition of defendant under which the hay was sold to him was to pay a certain

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sum per ton for timothy "your track," the giving of an instruction omitting the word "timothy" in describing the hay, and using the letters "F.O.B." instead of the words "your track," *held* not misleading.

## The People of the Village of Moweaqua for use of I. H. Johnson, Appellees, v. W. A. Morgan et al., Appellants.

1. APPEAL AND ERROR, § 1431*—*when refusal to require security for costs harmless.* Refusal of court to require a plaintiff to file security for costs, *held* harmless where the judgment was rendered in his favor.

2. OFFICIAL BONDS, § 19*—*liability on village marshal's bond.* A person unlawfully arrested and beaten by a village marshal may recover on the latter's official bond given under section 75, ch. 24, Hurd's R. S., J. & A. ¶ 1347, where the act was done in his official capacity by virtue of his office.

Appeal from the Circuit Court of Shelby county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 2, 1914.

CHAFEE & CHEW, S. CLAPPER and GEORGE B. RHOADS, for appellants.

GEORGE T. WALLACE, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This is a suit in debt against the principal and sureties of the bond given by W. A. Morgan as night policeman of the Village of Moweaqua for the use of I. H. Johnson, and it is alleged in the declaration that on the night of November 1 1909, Morgan, as such policeman under color and by virtue of said office, did unlawfully and without reasonable or proper cause